**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DANIEL ALBERTO OCHOA,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSE LOPEZ, EUGENE SCHLEDER, ADRIAN GARCIA, and the CITY OF CHICAGO,**<br><br>Defendants. | Hon. Franklin U. Valderrama<br><br>Magistrate Judge Young B. Kim<br><br>Case No. 20 CV 02977 |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION** [redacted]

Plaintiff Daniel Ochoa, through counsel, respectfully moves this Court to enter an Order finding that [redacted] is responsive to Plaintiff's discovery requests. Plaintiff further seeks an order compelling the City to produce certain materials identified *infra.* If the City intends to assert [redacted] it must first make a threshold showing [redacted].

**STATEMENT OF RELEVANT FACTS**

Plaintiff filed his Complaint on May 19, 2020 [Dkt. No. 1] alleging numerous constitutional violations that resulted in his 17-year wrongful arrest, prosecution, and conviction for the murder of Marilu Socha. Plaintiff's charges were dismissed on October 23, 2019; he received a certificate of innocence on November 15, 2023. Plaintiff received a certificate of

innocence notwithstanding that the State obtained all of the discovery and depositions that were developed in this civil case.

Plaintiff points to Defendant Lopez as the primary actor in fabricating his physically coerced statement written in English, a language Plaintiff could not read, wrote, or speak - the *only* piece of evidence that was used to convict him at both of his trials. Plaintiff alleges that Defendant Lopez concealed his misconduct and the misconduct of his fellow officers and prepared false police reports and then testified falsely about his investigation, including whether Plaintiff confessed to the murder of Ms. Socha. Plaintiff further alleged that his *Brady* rights were violated at his first and second trials when the Defendants concealed evidence of Defendant's Lopez's profound history of misconduct that included excessive force, fabricating evidence, and engaging in dishonest conduct - evidence that would have been used by the defense to show Defendant Lopez's pattern and practice of misconduct and/or would have been used to impeach Defendant Lopez's testimony at Plaintiff's trials. Plaintiff also alleged a *Monell* claim that the Defendant City failed to supervise Defendant Lopez and other similarly situated officers who accumulated extensive misconduct complaints with no intervention or response from the department. In short, Defendant Lopez's misconduct and dishonesty plays a central role in this case.

### A. The City Discloses that [REDACTED]

In his initial discovery requests, Plaintiff demanded that the City produce "Any and all Documents related to any Complaint of any person against any of the Defendants or Investigators at any time. . . " [Ex. A - Defendant City of Chicago's Supplemental response to Request No. 12 in Plaintiff's First Set of Requests to Produce] Plaintiff also propounded

interrogatories to Defendant Lopez and the City of Chicago asking *both* parties to identify all complaints lodged against Defendant Lopez for "any form of misconduct" including but not limited to allegations alleging "dishonest behavior" [Ex. B - Defendant City's Response to Plaintiff's First Set of Interrogatories]

On September 18, 2023 (a week before the close of fact discovery), the Defendant City produced a privilege log that related to [redacted] The Defendant City produced the skeletal privilege log without supplementing discovery responses and without explaining why it was produced. In a subsequent Rule 37.2 conference, counsel for the City allowed that [redacted]

Plaintiff filed a motion before this Court [redacted]. [Dkt. No. 208] This Court ordered the Defendant City to supplement its response to Plaintiff's discovery requests and ensure that a robust privilege log was produced to Plaintiff if the documents were responsive. [Dkt. No. 236]

The City supplemented its answer to Plaintiff's request for documents (Req. No. 12) but claimed that [redacted] [Ex. A at pg. 11] Although it claimed that [redacted], the City produced a revised privilege log. [Ex. C - Revised Privilege Log] The Defendant City made no supplemental responses to Plaintiff's first set of interrogatories, including Interrogatory No. 3 [Ex. B]

Plaintiff's counsel and counsel for the City engaged in additional communications and another Rule 37.2 conference on December 1, 2023. [redacted]." [Ex. E - Letter from Counsel for the City & Ex. F - City Production]

**B. Events that Led to [redacted]**

[redacted]

[redacted]



**ARGUMENT**

A party may file a motion to compel under Fed. R. Civ. P. 37 whenever another party fails to respond to discovery requests or when its response is insufficient. Fed. R. Civ. P. 37(a). Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules. *Corona v. City of Chicago,* 2023 U.S. Dist. LEXIS 125107, *3 (N.D. Ill. 2023). Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . " *Id. see also,* Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

**A. This Court Must Enter an Order Finding that**



**Is Responsive to Plaintiff's Discovery Requests.**

1



While the City formally takes the position that [REDACTED] is "not responsive" to Plaintiff's discovery requests, the information that the City has shared suggests [REDACTED] *are* responsive to Plaintiff's requests to produce and that the City should supplement its discovery responses appropriately. Whether those documents should be held back on privilege grounds is a separate question.

Plaintiff's discovery requests sought materials related to any allegations of misconduct against Defendant Lopez. [Ex. A (Req. No. 12) and B (Rog. No. 3)] The City objected, *inter alia,* on the basis that the request was overbroad but ultimately disclosed at least summaries of *all* of complaints lodged against Defendant Lopez. The City has conceded that [REDACTED] But the City inexplicably states in its supplemental answer to Plaintiff's initial requests to produce (No. 12) that [REDACTED] [Ex. A] Plaintiff fails to understand how documents related to [REDACTED], is not responsive to Plaintiff's discovery requests [REDACTED]

The City emphasizes that [REDACTED]

[redacted]

[redacted]

[redacted] Plaintiff appreciates the City's [redacted] but would prefer the City just answer the discovery requests in good faith.

**B. The City Has Not Made a Threshold Showing [redacted]**

The City lodges [redacted]. Although the City has provided a more detailed privilege log, the log still sheds little light on the substance of the documents withheld. Without foregoing any right to all documents pertaining to [redacted], Plaintiff contends that minimally, he is entitled to: [redacted].

The City has failed to make a threshold showing [redacted]

[REDACTED] Accordingly, the City should be required satisfy that threshold standard of applicability for each of the documents that it has identified on his privilege log.

**CONCLUSION**

For the foregoing reasons, Plaintiff seeks an Order from this Court finding that [REDACTED] are, in fact, responsive to Plaintiff's discovery demands and order the City to produce the following: [REDACTED]

If the City intends to assert [REDACTED] to these categories of documents, it must first make a threshold showing that the privilege applies as detailed *supra.*

Respectfully Submitted,

/s/JENNIFER BONJEAN

**CERTIFICATE OF SERVICE**

I, JENNIFER BONJEAN, certify that I have filed the attached motion to compel on December 29, 2023 via ECF. A copy of the motion was served on all parties via ECF.

/S/JENNIFER BONJEAN